UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

SHERON HARRIS AND RICHARD G.
HARRIS,

         Plaintiffs,

vs.

GEICO GENERAL INSURANCE
COMPANY, a corporation, and
GEOFFREY ZUERCHER,

         Defendants.

CASE NO.:

Florida Bar No.:  161123

---

## DEFENDANTS' NOTICE OF REMOVAL WITH INCORPORATED MEMORANDUM OF LAW

Pursuant to 28 U.S.C. §1441, the Defendant, GEICO GENERAL INSURANCE COMPANY, by and through its undersigned counsel, hereby gives notice of the removal of the above-styled case from the state court for the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, to the West Palm Beach Division of the United States District Court for the Southern District of Florida, and, as grounds for same, would show as follows:

1.     On March 31, 2011, the above-styled action was commenced against Defendant, GEICO GENERAL INSURANCE COMPANY, in the Circuit Court of the Fifteenth Judicial Circuit of Florida in and for Palm Beach County and is presently pending.  Service was achieved on the Defendant on April 15th, 2011.

Harris v. GEICO
CASE NO.:

2.    The service of the complaint on the Defendant was the first receipt of a pleading from which it could be ascertained that the case is removable on the basis of diversity of citizenship pursuant to 28 U.S.C. §1332. This notice is filed within thirty (30) days of receipt of that service.

3.    The Plaintiffs, SHERRON HARRIS and RICHARD G. HARRIS, are residents of Palm Beach County and a citizens of the State of Florida.

4.    Defendant, GEICO GENERAL INSURANCE COMPANY, is a corporation organized and existing under the laws of the State of Maryland with its principal place of business in the State of Maryland, and, hence, is a citizen of the State of Maryland.

5.    The defendant, GEOFFREY ZUERCHER, is a citizen of the State of Florida, however, his status as such should not be considered for the purpose of determining diversity jurisdiction because he was fraudulently joined in order to defeat diversity. See the attached Motion to Dismiss Complaint With Prejudice filed on behalf of defendant ZUERCHER in this action.

6.    As evidenced by the Plaintiffs' Complaint, and its attachments, the amount in controversy exceeds the sum of $75,000.00, as the Plaintiff alleges GEICO GENERAL INSURANCE COMPANY is responsible for a verdict totaling $226,351.00, and for attorney's fees and costs.

2

7.      The United States District Court for the Southern District of Florida is the district in which the state court action was filed.  Removal to this Court is proper under 28 U.S.C. §§1332, 1441 and 1446 because this court has diversity jurisdiction.

8.      Defendant is concurrently filing a copy of this notice with the Circuit Court for the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, as required by 28 U.S.C. §1446(d).

9.      Composite Exhibit "A" constitutes all process, pleadings, motions and orders served upon the Defendant, GEICO GENERAL INSURANCE COMPANY.

## MEMORANDUM OF LAW

According to 28 U.S.C. §1441, "any civil brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  The defendant seeking removal to federal court must demonstrate that the district court has original jurisdiction of the action pending in state court. *See, Leonard v. Kern*, 651 F. Supp. 263 (S.D. Fla. 1986).  Furthermore, an action brought in state court may be removed based on diversity jurisdiction if the defendant is not a citizen of the state in which such action is brought. *See,* 28 U.S.C. § 1441(b).

Harris v. GEICO
CASE NO.:

Moreover, the burden is on the party requesting removal to federal court to show that it has met all the applicable statutory requirements. *Wright v. Continental Casualty Company,* 456 F. Supp. 1075, 1078 (N.D. Fla. 1978). In this Notice of Removal, GEICO has fully complied with the statutory requirements for removal to federal court. As mentioned above, plaintiff is a citizen of the State of Florida. GEICO is a foreign corporation organized under the laws of Maryland with its principal place of business in Maryland, and is, therefore, a citizen of the State of Maryland. Therefore, this action is between citizens of different states.

Although the Plaintiffs have joined the defendant, GEOFFREY ZUERCHER, as a defendant to this action, that joinder is a "fraudulent joinder" accomplished for the sole purpose of defeating diversity jurisdiction.

When a plaintiff names a non-diverse defendant solely to defeat diversity jurisdiction, the court must ignore the presence of the non-diverse defendant for the plaintiff is said to have effectuated a "fraudulent joinder," *see Crowe v. Coleman,* 113 F.3d 1536, 1538 (11th Cir.1997), and a federal court may appropriately assert its removal diversity jurisdiction over the case. A defendant seeking to prove that a co-defendant was fraudulently joined must demonstrate either that: "(1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff

4

Harris v. GEICO
CASE NO.:

has fraudulently pled jurisdictional facts to bring the resident defendant into state court." Id. The defendant must make such a showing by clear and convincing evidence. *See Parks v. New York Times Co.*, 308 F.2d 474, 478 (5th Cir.1962). Here, for the reasons set forth in the Motion to Dismiss Complaint With Prejudice filed by defendant ZUERCHER herein, there is no possibility that the Plaintiffs can establish a cause of action against him in state court. Hence, this court should ignore his presence in determining whether diversity jurisdiction exists.

Additionally, Plaintiffs' Complaint alleges that GEICO is financially responsible for $226,351.00. Consequently, the amount in controversy exceeds the $75,000.00 jurisdictional limit. *See, Estevez-Gonzalez v. Kraft*, 606 F. Supp. 127, 129 (S.D. Fla. 1985). Thus, this action meets the requirements of diversity jurisdiction pursuant to 28 U.S.C. § 1332. Furthermore, GEICO is not a citizen of the state where the state action was brought, therefore, the prerequisites of the removal statute are fully satisfied pursuant to 28 U.S.C. § 1441(b).

Finally, according to 28 U.S.C. § 1446, "notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading..." 28 U.S.C. § 1446(b); *see also, Liebig v. DeJoy*, 814 F. Supp. 1074 (M.D. Fla. 1993). GEICO has met this requirement by filing this

Harris v. GEICO
CASE NO.:

Notice of Removal within the thirty days of its being served with Plaintiff's initial pleading.

WHEREFORE, Defendant GEICO GENERAL INSURANCE COMPANY, gives notice of the removal of this action, currently pending in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, to the United States District Court for the Southern District of Florida, West Palm Beach Division.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was electronically filed on May 12, 2011, to:  Clerk of the Court using CM/ECF, and mailed to David J. Glatthorn, Esquire, 506A Datura Street, West Palm Beach, FL  33401.  Tel:  (561) 659-1999 and Fax (561) 659-9075.

**CLARK, ROBB, MASON**
**COULOMBE & BUSCHMAN**
14TH Floor, Biscayne Building
19 West Flagler Street
Miami, Florida  33130
Telephone: (305) 373-3322
Facsimile:   (305) 373-0017

By: JAMES K. CLARK, ESQUIRE
     JAMES K. CLARK, ESQUIRE
     Attorney for GEICO